■ KINDER MORGAN ENERGY PARTNERS, L.P., et al., Respondents, v ACE AMERICAN INSURANCE COMPANY, Appellant. [866 NYS2d 191]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 5, 2008, which denied defendant's motion to the extent it sought dismissal or a stay of this declaratory judgment action on grounds of forum non conveniens, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the complaint dismissed on condition that defendants waive any statute of limitations defense in California.

Plaintiffs seek a declaration of rights under insurance policies issued by defendant in connection with coverage for a pipeline explosion in California. In determining whether to dismiss an action on the ground of forum non conveniens, "[a]mong the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit. The court may also consider that both parties to the action are nonresidents and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984] [citations omitted], *cert denied* 469 US 1108 [1985]).

The explosion caused physical damage in California, involved the alleged negligence of plaintiffs and nonparties there, and all of the underlying actions are pending in California, the residence of plaintiff SFPP. These facts support deference to California's stronger interest (*see Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d 501 [1984], *affd* 67 NY2d 857 [1986]). That the subject policies were issued in New York is but one factor to be considered (*see Continental Ins. Co. v AMAX Inc.*, 192 AD2d 391 [1993], *lv denied* 82 NY2d 835 [1993]).

Moreover, plaintiffs' claims are based on a contract allegedly requiring the procurement of insurance. The existence and terms of that contract are relevant to a determination of coverage, and the location of witnesses and documents concerning

the contract, which was negotiated in and subject to the laws of California, is relevant. Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ.