■ Debra Weissman, Appellant, v Ronald H. Weissman, M.D., et al., Respondents. [985 NYS2d 93]—

In an action, inter alia, to set aside a stipulation of settlement dated May 25, 2004, which was incorporated, but not merged, into a judgment of divorce dated November 28, 2005, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Connolly, J.), dated February 3, 2012, which, upon, among other things, the granting of those branches of the motion of the defendants Ronald H. Weissman, Matthew Weissman, Seth Weissman, Estelle Fassler, Leon Fassler, Wendy Weissman, Robert Liss, Joel Bender, Timothy Brennan, and Joseph Miano and the separate motion of the defendants Margaretha Gravett and Willem Gravett which were for an award of counsel fees and the imposition of sanctions pursuant to 22 NYCRR 130-1.1, and after a hearing, inter alia, directed the plaintiff to pay sanctions in the total amount of $17,500 to the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance and directed the entry of a judgment in favor of the defendant Joseph Miano and against her in the total amount of $42,707.29 for counsel fees and expenses, (2) an order of the same court dated February 23, 2012, which denied her applica-

tion for leave to move, among other things, to stay enforcement of the order dated February 3, 2012, and (3) an order of the same court dated July 9, 2012, which granted the defendants' unopposed motion to direct the entry of three money judgments against her in the collective amount of $17,500.

Ordered that the appeal from the order dated February 23, 2012, is dismissed, as no appeal as of right lies from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]) and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated July 9, 2012, is dismissed, as no appeal lies from an order or judgment granted upon the default of the appealing party (*see* CPLR 5511; *J.F.J. Fuel, Inc. v Tran Camp Contr. Corp.*, 105 AD3d 908 [2013]); and it is further,

Ordered that the order dated February 3, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

A court may impose financial sanctions upon a party or attorney who engages in "frivolous conduct" (22 NYCRR 130-1.1 [a]). Conduct is frivolous if "it is completely without merit in law" or fact and "cannot be support by a[ny] reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; *see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d 411, 413 [1990]; *Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1999]; *Romeo v Romeo*, 225 AD2d 753, 755 [1996]). Sanctions may be warranted where the party's arguments are belied by the record, and are completely without merit in law or fact (*see Jason v Chusid*, 78 NY2d 1099 [1991]; *Maroulis v 64th St.-Third Ave. Assoc.*, 77 NY2d 831, 833 [1991]; *Fox v Fox*, 309 AD2d 1056, 1058-1059 [2003]).

In a prior action for a divorce and ancillary relief commenced by the plaintiff, the plaintiff repeatedly moved to vacate or set aside a stipulation of settlement dated May 25, 2004. Those motions were denied, and the denials were affirmed on appeal. Nevertheless, the plaintiff commenced this plenary action seeking the same relief, namely, to vacate the stipulation on grounds including fraud. In this action, despite being enjoined from making any additional motions without obtaining leave of court, the plaintiff made two motions without obtaining such leave.

The Supreme Court properly directed the plaintiff to pay sanctions based on her frivolous conduct in bringing the plenary action and making two motions without obtaining leave of court

(see 22 NYCRR 130-1.1 [c] [2]; *Jason v Chusid*, 78 NY2d 1099 [1991]; *Maroulis v 64th St.-Third Ave. Assoc.*, 77 NY2d 831 [1991]; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d at 413; *Matter of Tercjak v Tercjak*, 49 AD3d 773 [2008]; *Fox v Fox*, 309 AD2d 1056 [2003]; *Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1999]).

Contrary to the plaintiff's contentions, the retainer of the defendants' counsel was in substantial compliance with the rules governing attorney conduct in matters of domestic relations (see 22 NYCRR 1400.3; *Gross v Gross*, 36 AD3d 318, 322 [2006]; *Sherman v Sherman*, 34 AD3d 670, 671 [2006]). In light of evidence that the plaintiff was pressing a frivolous claim, thereby abusing the judicial process and creating unnecessary litigation, the court properly awarded counsel fees and expenses (see *State of New York ex rel. Gerstein v Gerstein*, 302 AD2d 447, 449 [2003]; *Morrissey v Morrissey*, 259 AD2d 472 [1999]; *Sassower v Signorelli*, 99 AD2d 358 [1984]). The amount of the award of fees was within the discretion of the hearing court, which was in the best position to judge the factors integral to the determination (see *Brantly v Brantly*, 89 AD3d 881, 883 [2011]). The hearing court did not improvidently exercise its discretion.

The plaintiff's remaining contentions are without merit. Lott, J.P., Austin, Miller and Hinds-Radix, JJ., concur.