CHRISTOPHER-EARL STRUNK, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, et al., Defendants. [5 NYS3d 498]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated March 29, 2013, which, after a hearing, determined that he engaged in frivolous conduct, and (1) awarded the defendant Peter G. Petersen costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.2, in the principal sum of $82,943.64, payable by the plaintiff, (2) awarded the defendants Zbigniew Kaimierz Brzezinski, Mark Brzezinski, and Ian J. Brzezinski costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.2, in the principal sum of $78,156.74, payable by the plaintiff, (3) awarded an attorney's fee to the State of New York pursuant to 22 NYCRR 130-1.2 in the principal sum of $6,607.50, payable by the plaintiff, and (4) directed the plaintiff to pay a sanction in the sum of $10,000 to the Lawyers' Fund for Client Protection pursuant to 22 NYCRR 130-1.3.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by reducing the amount awarded to the defendants Zbigniew Kaimierz Brzezinski, Mark Brzezinski, and Ian J. Brzezinski as costs, including an attorney's fee, from the principal sum of $78,156.74 to the principal sum of $25,000, and (2) by reducing the amount awarded to the defendant Peter G. Petersen as costs, including an attorney's fee, from the principal sum of $82,943.64 to the principal sum of $25,000; as so modified, the order is affirmed, without costs or disbursements.

A court may award a party "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [a]). "In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1 [a]; see Weissman v Weissman, 116 AD3d 848, 849 [2014]). "[C]onduct is frivolous if . . . (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts mate-

rial factual statements that are false" (22 NYCRR 130-1.1 [c]; *see Weissman v Weissman*, 116 AD3d at 849). The decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion (*see Matter of Khan-Soleil v Rashad*, 111 AD3d 727, 728 [2013]).

Here, the Supreme Court properly determined, after a hearing, that the plaintiff engaged in frivolous conduct in commencing this action, as this action is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," and was undertaken primarily to harass the defendants (22 NYCRR 130-1.1 [c] [1]; *see Weissman v Weissman*, 116 AD3d at 849; *Breytman v Schechter*, 101 AD3d 783 [2012]). Furthermore, the Supreme Court providently exercised its discretion in awarding an attorney's fee to the State of New York pursuant to 22 NYCRR 130-1.2, and in directing the plaintiff to pay a sanction of $10,000 to the Lawyers' Fund for Client Protection pursuant to 22 NYCRR 130-1.3 (*see Matter of Khan-Soleil v Rashad*, 111 AD3d at 728).

However, we conclude that the award of costs, including an attorney's fee, to the defendants Zbigniew Kaimierz Brzezinski, Mark Brzezinski, and Ian J. Brzezinski does not reflect "reasonably incurred" expenses or "reasonable attorney's fees" under the circumstances of this case (22 NYCRR 130-1.1 [a]). Accordingly, we reduce the award of costs, including an attorney's fee, to the defendants Zbigniew Kaimierz Brzezinski, Mark Brzezinski, and Ian J. Brzezinski from $78,156.74 to $25,000. Similarly, we conclude that the award of costs, including an attorney's fee, to Peter G. Peterson, incorrectly sued herein as Peter G. Petersen, does not reflect "reasonably incurred" expenses or "reasonable attorney's fees" under the circumstances (22 NYCRR 130-1.1 [a]). Accordingly, we reduce the award of costs, including an attorney's fee, to Peterson from $82,943.64 to $25,000.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.