Lauder v Goldhamer (2020 NY Slip Op 01152)





Lauder v Goldhamer


2020 NY Slip Op 01152


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-00386
 (Index No. 31423/13)

[*1]Cindy Ann Lauder, appellant,
v
Paul B. Goldhamer, etc., et al., respondents.


Karen Winner, New York, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Paul Karp, Patrick Lawless, Maura A. Stanton, and I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated December 12, 2016. The judgment, upon an order of the same court dated November 17, 2016, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
The plaintiff commenced this action alleging, inter alia, that the defendants committed legal malpractice in the prosecution of an underlying matrimonial action. The plaintiff alleged, among other things, that the defendants' lack of preparation, as well as the misinformation and faulty legal advice they supplied to her, resulted in an unfavorable, binding stipulation of settlement in the underlying action. The defendants moved for summary judgment dismissing the complaint arguing, inter alia, that their actions did not proximately cause the plaintiff damages. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [internal quotation marks omitted]; see McCoy v Feinman, 99 NY2d 295, 301-302). In order to be entitled to summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any triable issues of fact from the case (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, the defendants demonstrated, prima facie, the absence of proximate cause by relying on the plaintiff's on-the-record acquiescence to the terms of the stipulation of settlement in the underlying action. In opposition, the plaintiff raised a triable issue of fact as to whether the [*2]actions of the defendants, in advising her with regard to the stipulation of settlement, proximately caused her damages. Consequently, that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice should have been denied (see Birnbaum v Misiano, 52 AD3d 632, 634).
Contrary to the Supreme Court's determination, the causes of action alleging breach of fiduciary duty and to set aside the retainer agreement were not duplicative of the legal malpractice cause of action, and should not have been dismissed on that basis (see Postiglione v Castro, 119 AD3d 920, 922). Moreover, with regard to the cause of action to set aside the retainer agreement, the defendants failed to eliminate all triable issues of fact pertaining to the terms of the agreement and whether they, in fact, adhered to it (see Becker v Julien, Blitz & Schlesinger, 66 AD2d 674).
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487, as the defendants failed to eliminate all triable issues of fact regarding "the only liability standard recognized in Judicary Law § 487 . . . of an intent to deceive" (Dupree v Voorhees, 102 AD3d 912, 913).
The defendants' remaining contention is without merit.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court