Kantrowitz, Goldhamer & Graifman, P.C. v Ayrovainen (2022 NY Slip Op 02256)

Kantrowitz, Goldhamer & Graifman, P.C. v Ayrovainen

2022 NY Slip Op 02256

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2018-04918
 (Index No. 33057/12)

[*1]Kantrowitz, Goldhamer & Graifman, P.C., respondent, 
v
Cindy Ann Ayrovainen, etc., appellant.

Karen F. Winner, New York, NY, for appellant.
Kantrowitz, Goldhamer & Graifman, P.C., Chestnut Ridge, NY (Paul B. Goldhamer and William T. Schiffman of counsel), respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a decision and order (one paper) of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated March 27, 2018. The decision and order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant's attorney and directed the defendant's attorney to pay the sum of $500 to the Lawyer's Fund for Client Protection.
ORDERED that the decision and order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant's attorney is denied.
In June 2012, Kantrowitz, Goldhamer & Graifman, P.C. (hereinafter KGG), a law firm, commenced this action against Cindy Ann Ayrovainen, also known as Cindy Lauder (hereinafter Lauder), inter alia, to recover damages for breach of contract and on an account stated. The complaint alleged that in January 2009, Lauder executed a written retainer agreement hiring KGG to represent her in a pending matrimonial action, but at the conclusion of representation, Lauder failed to pay her outstanding bills. In her answer, Lauder alleged as an affirmative defense that KGG had breached the retainer agreement and committed legal malpractice during its representation of her. In March 2013, Lauder commenced an action against KGG and two KGG attorneys, inter alia, to recover damages for legal malpractice (hereinafter the legal malpractice action). In an order dated November 17, 2016, the Supreme Court granted the motion of KGG and the KGG attorneys for summary judgment dismissing the second amended complaint in the legal malpractice action.
After a nonjury trial in this action, KGG moved, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions against Lauder's attorney, Karen Winner, for engaging in frivolous conduct during the course of this action. In a decision and order dated March 27, 2018, the Supreme Court, among other things, granted that branch of KGG's motion which was to impose sanctions against Winner and directed Winner to pay the sum of $500 to the Lawyer's Fund for Client Protection. Lauder appeals.
"In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1[a]; see Weissman v Weissman, 116 AD3d 848, 849). "[C]onduct is frivolous if . . . (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 955; Weissman v Weissman, 116 AD3d at 849). Here, the Supreme Court improvidently exercised its discretion in granting that branch of KGG's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against Winner. Winner's conduct did not rise to the level of frivolous within the definition of 22 NYCRR 130-1.1 (see Rojas v Hazzard, 171 AD3d 819, 820; Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 524).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.

2018-04918 DECISION & ORDER ON MOTION
Kantrowitz, Goldhamer & Graifman, P.C.,
respondent, v Cindy Ann Ayrovainen, etc., appellant.
(Index No. 33057/12)

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from a decision and order (one paper) of the Supreme Court, Rockland County, dated March 27, 2018, on the ground that they improperly raise arguments for the first time in reply or contain improper, scandalous, or prejudicial statements. By decision and order on motion of this Court dated September 19, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Motion by the appellant for this Court, inter alia, to take judicial notice of a decision and order of this Court dated February 19, 2020 (Lauder v Goldhamer, 180 AD3d 885), and an order of the Supreme Court, Rockland County, dated December 7, 2020. By decision and order on motion of this Court dated October 8, 2021, that branch of the motion which is to take judicial notice was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the respondent's motion and the papers filed in opposition thereto, upon the papers filed in support of the appellant's motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the respondent's motion is denied; and it is further,
ORDERED that the branch of the appellant's motion which is to take judicial notice is granted.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court