Finley v Finley (2024 NY Slip Op 06028)

Finley v Finley

2024 NY Slip Op 06028

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-02866
 (Index No. 32098/20)

[*1]Holly Finley, respondent, 
v
Richard Finley, appellant.

Anthony L. Finley, Brooklyn, NY, for appellant.
Johnson & Cohen, LLP, Pearl River, NY (Eric M. Holzer of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated March 24, 2022. The order, after a hearing, granted the plaintiff's motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant and the defendant's counsel and for an award of counsel fees, and denied the defendant's motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's counsel and for an award of counsel fees.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant's counsel is dismissed, as the defendant is not aggrieved by that portion of the order (see CPLR 5511; Scopelliti v Town of New Castle, 92 NY2d 944); and it is further,
ORDERED that the order is affirmed insofar as reviewed, with costs.
The plaintiff and the defendant, who are the parents of one child, executed a stipulation of custody and parental access (hereinafter the stipulation), in which they agreed to joint legal custody of the child with primary residential custody to the plaintiff. Subsequently, the defendant moved, inter alia, to modify the stipulation so as to award him sole custody of the child. The change in circumstances asserted by the defendant was that the plaintiff had become unavailable to care for the child, as she had been arrested and incarcerated in Florida based upon charges initiated by the defendant's mother for unlawfully recording a telephone conversation between the plaintiff and the mother. Prior to the return date of the defendant's motion, the plaintiff was released from jail, and the defendant was informed that the plaintiff had resumed her parental obligations. Nevertheless, the defendant refused to withdraw his motion.
As a result, the plaintiff moved, among other things, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant and for an award of counsel fees. Thereafter, the defendant moved pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's counsel and for an award of counsel fees. The Supreme Court held a hearing on the motions, and by order dated March 24, 2022, inter alia, granted those branches of the plaintiff's motion and denied the defendant's motion. The defendant appeals.
Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, may impose sanctions against a party for frivolous conduct (see Weissman v Weissman, 116 AD3d 848, 849). Conduct is [*2]frivolous if "(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (Matter of Congregation Ahavas Moische, Inc. v Katzoff, 134 AD3d 934, 934; see 22 NYCRR 130-1.1[c]; Cassagnol v Village of Hempstead, 214 AD3d 766, 768-769). In determining whether the conduct undertaken was frivolous, a court shall consider "the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel" (22 NYCRR 130-1.1[c]).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant for engaging in frivolous conduct. Although the defendant's motion, among other things, to modify the stipulation was not frivolous when it was filed, the defendant frivolously continued to pursue the motion after he and his counsel became aware that the factual predicate for the requested relief no longer existed. Moreover, the evidence presented at the hearing demonstrated that the defendant continued to pursue the motion so as to gain leverage to further his personal financial interests. The plaintiff was thus required to defend against a motion that was, at best, completely without merit (see Weissman v Weissman, 116 AD3d at 849; Janitschek v Trustees of Friends World Coll., 249 AD2d 368).
Additionally, "[i]n light of evidence that the [defendant] was pressing a frivolous claim, thereby abusing the judicial process and creating unnecessary litigation, the [Supreme Court] properly awarded counsel fees" to the plaintiff (Weissman v Weissman, 116 AD3d at 850).
The defendant's remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court