| |
|---|
| **Paltzer v Hejailan-Amon** |
| 2025 NY Slip Op 31753(U) |
| May 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655981/2024 |
| Judge: Paul A. Goetz |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**   PART   47

*Justice*

-----------------------------------------------------------------------------X

EDGAR H. PALTZER

Plaintiff,

- v -

TRACEY ESPY HEJAILAN-AMON,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655981/2024 |
| **MOTION DATE** | 02/07/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, 35, 36, 37, 38, 39

were read on this motion to/for    DISMISS    .

In this breach of contract action, defendant moves pre-answer to dismiss the complaint arguing that the court lacks jurisdiction over the matter, that the doctrine of *forum non conveniens* applies, and that plaintiff fails to state a cause of action. Plaintiff cross-moves for sanctions arguing that this motion is frivolous and without any basis in law.

## BACKGROUND

Plaintiff, Dr. Edgar H. Paltzer, LL.M is an attorney admitted to the bar of, and practicing in Zurich, Switzerland (NYSCEF Doc No 2 at ¶ 1). Defendant, Tracey Espy Hejailan-Amon, is a New York resident who, in September of 2020, retained plaintiff as her Swiss counsel (*id*. at ¶ 5). Plaintiff sent defendant a retainer agreement, which included, plaintiff's hourly fee, conditions for termination, confidentiality agreements, a provision declaring that the contract was to be interpreted under Swiss Law, and a consent to the exclusive jurisdiction of any dispute in Zurich, Switzerland (*id*. at ¶ 6). The retainer was never signed by defendant, however notwithstanding the unsigned agreement plaintiff rendered legal services to defendant and defendant made payments in connection with those services (*id*. at ¶¶ 7 – 9).  Plaintiff billed

**655981/2024   PALTZER LL.M, EDGAR H. vs. HEJAILAN-AMON, TRACEY ESPY**   **Page 1 of 6**
**Motion No.  001**

1 of 6

[* 1]

defendant monthly and while some invoices were paid in full, plaintiff alleges that, due to defendant's cash flow problems, some were only paid partially or not at all (*id*. at ¶ 19).

On April 5, 2024, plaintiff terminated the attorney-client relationship with defendant due to the outstanding invoices, totaling CHF 180,419.93[1] (*id*. at ¶¶ 24 – 25). Prior, to bringing this action, plaintiff sued defendant in the Southern District of New York ("SDNY"). However, during a telephone conference the federal court noted that because plaintiff is a dual citizen of Switzerland and the United States, the court lacked subject matter jurisdiction based on diversity. Plaintiff then withdrew the federal action and started this action, asserting five causes of action for: (1) Work, Labor, and Services Provided; (2) Account Stated; (3) Breach of Contract; (4) Unjust Enrichment; and (5) Breach of Contract.

## DISCUSSION

*Subject Matter Jurisdiction*

As a preliminary matter, defendant while accusing plaintiff of "forum shopping" appears to argue that this court lacks subject matter jurisdiction over this case. Defendant avers that prior to plaintiff's withdrawal of the action in federal court, the SDNY noted that when a plaintiff is a dual citizen of both the United States, and a foreign nation, and is currently domiciled abroad, he is considered neither a citizen of any one US state, nor a citizen or subject of a foreign state pursuant the 28 USC § 1332, the statute which provides federal courts with diversity jurisdiction. Defendant argues that the federal action, confirmed that there is no jurisdictional foundation in New York. However, the federal court's lack of subject matter jurisdiction has no bearing on this court's jurisdiction.

---

[1] CHF stands for "Confoederatio Helvetica Franc" translated to Swiss franc, the currency and legal tender of Switzerland and Liechtenstein. Plaintiff seeks judgment of an award in CHF or one converted to US Dollars pursuant to NY Judiciary Law § 27(b)

**655981/2024   PALTZER LL.M, EDGAR H. vs. HEJAILAN-AMON, TRACEY ESPY**          **Page 2 of 6**
**Motion No.  001**

Subject matter jurisdiction refers simply to whether the court has the fundamental power to adjudicate the matter before it (*Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200 [2013]). Diversity jurisdiction has no bearing here as that barrier solely applies to federal courts, whose jurisdiction is limited to cases and controversies arising from federal law, or cases where the parties have a complete diversity of citizenship (*E.R. Squibb & Sons, Inc. v Acc. & Cas. Ins. Co.*, 160 F3d 925 [2d Cir 1998]). In state courts however, the primary question regarding the courts' jurisdiction is whether the action is "justiciable" that is whether there is "a real dispute between adverse parties" which undisputedly exists here (*Kennedy v Suffolk County*, 211 AD3d 926, 927 [2d Dept 2022]).

*Forum Selection Clause / Forum Non Conveniens*

Defendant argues that because the retainer agreement between the parties indicates that the claims are subject to the jurisdiction of Zurich, Switzerland that the action must be dismissed. Furthermore, she argues that since the matter is fundamentally disconnected from New York, and likely would require an analysis of Swiss law, that the action should be dismissed pursuant to the doctrine of *forum non conveniens*.

Plaintiff argues that because defendant failed to sign the retainer agreement, the Swiss courts would decline to hear the case, as Swiss courts only exercise jurisdiction over a defendant in the area they reside, or if there is a valid agreement on jurisdiction. Plaintiff notes that he has proposed to defendant that if defendant would agree to waive jurisdictional objections to the Swiss courts, then he would be willing to proceed with the case in Zurich.

"In determining whether to dismiss an action on the ground of *forum non conveniens*, [a]mong the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may

**655981/2024   PALTZER LL.M, EDGAR H. vs. HEJAILAN-AMON, TRACEY ESPY**
**Motion No.  001**

**Page 3 of 6**

3 of 6

bring suit" (*Kinder Morgan Energy Partners, L.P. v Ace Am. Ins. Co.*, 55 AD3d 482, 482 [1st Dept 2008]). Here, defendant is a New York resident so the potential hardship on her to defend the action here is minimal. Defendant argues that because this court would be required to apply Swiss law if it went forward, a high burden would be placed on the New York courts (*see Tilleke & Gibbins Intern., Ltd. v Baker & McKenzie*, 302 AD2d 328 [1st Dept 2003] [application of Thai law in New York courts would result in an inordinate burden on court]). However, "New York courts are frequently called on to apply the laws of foreign jurisdictions and in this case, there is no indication that the relevant law, which is from only one foreign jurisdiction, is in dispute or is distinctly abstruse" (*Wormwood Capital LLC v Mulleady*, 203 AD3d 500 [1st Dept 2022] [application of Swiss law held to not be overly burdensome]).

As for the availability of an alternative forum, plaintiff submits an expert witness affidavit from Stephen Groth, a Swiss attorney who avers that absent an agreement from defendant, the Swiss courts would decline to adjudicate this matter. Growth states that according to the Swiss Private International Law Act ("PILA"), generally, a plaintiff can sue a defendant in the courts where the defendant has their home (NYSCEF Doc No 14 at ¶ 14). However, pursuant to article 5 ¶ 1 of PILA, parties may consent to an alternative jurisdiction, provided that there is a written agreement which establishes (1) the content of the jurisdiction agreement and (2) the consensus between the parties (*id*. at ¶ 17; *see also* NYSCEF Doc No 16). Groth notes that the Swiss Federal Supreme Court has held that an agreement on jurisdiction is only valid if each party expresses their agreement in written form (NYSCEF Doc No 14 at ¶ 20; *see also* NYSCEF Doc No 18, Excerpt from the judgment of the First Civil Chamber of September 9, 1993 in the matter of *Galerie X. v. T. Inc.* ["the plaintiff is wrong in her objection that according to Art. 5 PILA, mutual written form is not required"]).

**655981/2024   PALTZER LL.M, EDGAR H. vs. HEJAILAN-AMON, TRACEY ESPY**
**Motion No.  001**

**Page 4 of 6**

4 of 6

Indeed, following dismissal of *Galerie X. v. T. Inc* by the Swiss Federal Supreme Court, a related action was filed in the SDNY. The court declined to dismiss the case in *forum non conveniens* grounds noting that since the alleged agreement was unsigned, the plaintiff would not have a suitable forum to adjudicate the claims in Switzerland (*David Tunick, Inc. v Kornfeld*, 813 F Supp 988 [SDNY 1993]). Therefore, while it appears that both parties agree that the proper forum for this matter would be in Switzerland, absent an agreement from defendant to submit to the jurisdiction of Zurich, the motion to dismiss on *forum non conveniens* grounds must be denied (*see Koop v Guskind*, 116 AD3d 672, 674 [2d Dept 2014] ["[I]n order to assure the availability of a forum for the action, the Supreme Court's dismissal should have been conditioned on the defendant's stipulation to the waiver of jurisdictional and statute of limitations defenses as indicated herein"]).[2]

*Failure to State a Cause of Action*

Defendant also argues that plaintiff fails to state a cause of action because although plaintiff argues that Swiss law should be applied, however he does not cite to specific Swiss codes or statutes in the complaint.

"In assessing a motion under CPLR 3211 (a) (7), . . . the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 42 NY3d 321, 342-43 [2024]). Contrary to defendant's assertions, plaintiff does cite specific Articles in Swiss law (Articles 402 and 394; *see* NYSCEF Doc No 2 at ¶ 21 – 22) that provide that he may recover unpaid fees incurred pursuant to a Retainer, when defendant tacitly accepts those services performed. "[A]ccepting the facts as

---

[2] Defendant's arguments that plaintiff has failed to state a cause of action are unavailing. Plaintiff cites specific articles of Swiss code under which his causes of action arise (NYSCEF Doc No 2 ¶¶ 21 – 22). Furthermore, plaintiff adequately pleads New York causes of action, if it is determined that New York law should apply to the action.

**655981/2024   PALTZER LL.M, EDGAR H. vs. HEJAILAN-AMON, TRACEY ESPY**                    **Page 5 of 6**
**Motion No.  001**

[* 5]

5 of 6

alleged in the complaint as true, [and] accord[ing] the plaintiff the benefit of every reasonable inference" as required on review of a CPLR 3211(a)(7) motion, plaintiff has adequately stated cause of action to recover his allegedly unpaid fees (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024]).

*Plaintiff's Cross-Motion*

As for plaintiff's cross-motion for sanctions, while defendant's motion was denied she did not engage in "frivolous conduct" because the arguments made were not "completely without merit in law" and thus sanctions are unwarranted (*Strunk v New York State Bd. of Elections*, 126 AD3d 779, 780 [2d Dept 2015]).

Accordingly it is,

ORDERED that defendants' motion is denied; and it is further

ORDERED that plaintiff's cross-motion is denied; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days of this order; and it is further

ORDERED that the parties are directed to attend a preliminary discovery conference on June 12, 2025 at 9:30 AM

20250513150847PG0ETZ12...0067/5D46B4996D4EAB26659762

| 5/13/2025 | | PAUL A. GOETZ, J.S.C. |
|-----------|--|------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|---|-----------------------|--|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655981/2024 PALTZER LL.M, EDGAR H. vs. HEJAILAN-AMON, TRACEY ESPY** **Page 6 of 6**
**Motion No. 001**

6 of 6