■ In the Matter of TRACY LEE, Appellant, v JAMES J. MALTAIS et al., Respondents. [672 NYS2d 943] —White, J. Appeal from

an order of the Supreme Court (Teresi, J.), entered March 27, 1997 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR 5227, granted respondents' motions to dismiss the petition.

In January 1992, Classic Developers of Schodack entered into a real estate contract wherein it agreed to sell undeveloped land it owned in the Town of Schodack, Rensselaer County, to respondent James J. Maltais who, in turn, agreed to build homes on the land. He further agreed to have Classic named as an additional insured on a builder's risk insurance policy and to indemnify and hold Classic harmless from any and all liability not caused by Classic's negligence. The contract also provided that Maltais could assign it to a corporation he controlled. According to Maltais, he immediately made a de facto assignment of the contract to respondent Linden Hills Development Corporation which purchased a liability insurance policy from respondent United States Fidelity and Guaranty Company (hereinafter USF&G) that named Linden Hills doing business as Jim Maltais Builders as the named insured, but did not include Classic as an additional insured. On December 30, 1992 petitioner, an employee of Linden Hills, sustained personal injuries in a work-related accident that occurred on land still owned by Classic.

Thereafter, petitioner commenced a Labor Law § 240 (1) action against Classic and ultimately obtained a $491,536.54 default judgment which remains unsatisfied due to Classic's bankruptcy. To enforce the judgment, petitioner commenced this special proceeding, pursuant to CPLR 5227, in which he is seeking to stand in Classic's shoes and pursue its contractual indemnification claims against respondents. Instead of answering, respondents moved to dismiss the petitions pursuant to CPLR 3211.* Supreme Court granted the motions, finding the proceeding barred by the exclusivity provision embodied in Workers' Compensation Law § 11. Petitioner appeals.

Petitioner argues that the exclusivity provision should not apply where the employer has entered into a written contract of indemnification thereby assuming responsibility for its injured employees. He further points out that, at least prior to the Omnibus Workers' Compensation Reform Act of 1996 (Workers' Compensation Law § 11), under the theory of *Dole v Dow Chem. Co.* (30 NY2d 143) employers were regularly paying liability verdicts obtained by their employees. While petitioner's argument has surface plausibility, it fails to

---

* While Linden Hills denominated its motion as one under CPLR 3212, the motion papers clearly indicate it is a CPLR 3211 motion.

consider the Court of Appeals' strong and continued resistance to any scheme designed to breach the exclusivity provision (*see, Gonzales v Armac Indus.*, 81 NY2d 1, 8; *Heritage v Van Patten,* 59 NY2d 1017, 1019). This resistance is exemplified by the fact that the Court of Appeals has only carved out one exception to the exclusivity provision that is not applicable here (*see, Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 160-162). Interestingly, while carving out this exception, the Court affirmed its over-all adherence to the exclusivity provision by rejecting the " 'dual capacity' " doctrine (*id.*, at 159).

The Court of Appeals has also pointed out that *Dole v Dow Chem. Co.* (*supra*) did not signal a move to expose employers to tort liability so that an employee could obtain a recovery from an employer in excess of workers' compensation benefits; rather, its rationale was to achieve an equitable result between defendants (*see, Gonzales v Armac Indus., supra*, at 9). Likewise, the purpose of the subject indemnification agreement was not to provide petitioner with a vehicle to employ against Linden Hills, but to shift any loss from Classic to Linden Hills (*see, Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 296). Therefore, in light of this analysis and the fact that this proceeding is essentially a direct action by petitioner against his employer (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5201:2, at 57), we agree with Supreme Court that petitioner's claim against Linden Hills is barred by the exclusivity provision of the Workers' Compensation Law.

Inasmuch as the record establishes that USF&G only insured Linden Hills, the dismissal of petitioner's claim against the latter entity mandates the dismissal of the claim against USF&G.

Although Maltais' assignment of the contract was not in writing as required by General Obligations Law § 5-703 (1), it was not void, but merely voidable at the election of the party to be charged (61 NY Jur 2d, Frauds, Statute of, § 224, at 353). In this instance Maltais does not raise the Statute of Frauds defense and petitioner, a stranger to the assignment, cannot (*see, Vincent v Seaman*, 152 AD2d 841, 843). Thus, as between these parties the assignment is effective, thereby relieving Maltais of his obligation to indemnify Classic.

For these reasons, we affirm the order of Supreme Court.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.