OPINION OF THE COURT
Lorraine S. Miller, J.
Third-party defendant, Mulvihill Electrical Contracting Corp. (Mulvihill), moves, pursuant to CPLR 3211, to dismiss the third-party action on the ground that it is barred by the exclusivity provision of Workers’ Compensation Law § 11.
The underlying case is predicated on plaintiff’s claims that he sustained a fracture of the right tibia and fibula on June 13, 1997 while attempting to unload pipe fittings from the back of a truck. At the time of the accident, plaintiff was employed by Mulvihill who was under contract with defendant and third-party plaintiff, New York City Transit Authority (NYCTA).
Subsequent to his accident, plaintiff commenced this action alleging negligence and violations of the Labor Law against the defendants. Thereafter, the NYCTA instituted a third-party action claiming that it was entitled to indemnification or contribution from Mulvihill pursuant to both the common law (first and second causes of action) and contract (third cause of action) and for breach of contract based on Mulvihill’s failure to procure insurance naming the NYCTA as an additional insured (fourth cause of action).
On September 10, 1996, section 11 of the Workers’ Compensation Law was amended (L 1996, ch 635, § 2) to bar a third party from seeking indemnification or contribution from the injured plaintiffs employer absent a showing that the employee sustained a “grave” injury as defined by the statute (Workers’ Compensation Law § 11; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]; Johnson v Space Saver Corp., 172 Misc 2d 147 [Sup Ct 1997]). Section 11 defines “grave” injury to include: “death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.” Here, there is no dispute that plaintiff did not suffer a “grave” injury as defined by the statute and therefore Mulvihill contends it is entitled to dismissal of the third-party action.
While Mulvihill is correct to the extent that the NYCTA’s common-law claims may not continue in the absence of a *549 “grave” injury, this is not the case where, as here, the employer has agreed pursuant to contract to indemnify and/or contribute to any loss by an employee (see, Minkowitz, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 11, 1998 Pocket Part, at 29). Indeed, the statute states, in pertinent part, that: “For the purposes of this section the terms ‘indemnity’ and ‘contribution’ shall not include a claim or cause of action for contribution or indemnification based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant of person asserting the cause of action for the type of loss suffered” (Workers’ Compensation Law § 11). While Mulvihill did not annex a copy to its moving papers, it acknowledges that its contract with the NYCTA, which was entered into prior to the date of plaintiffs accident, contained a provision in which it agreed to indemnify the NYCTA for any loss suffered by an employee. As such, Mulvihill’s conclusory statement that the indemnification provision is unenforceable is contrary to the clear mandate of section 11 of the Workers’ Compensation Law.
Moreover, Mulvihill’s citation to Matter of Lee v Maltais (250 AD2d 951 [3d Dept 1998]) is misplaced. In Lee (supra, at 952), the petitioner, who was unable to satisfy its judgment against the owner of the property where his injury occurred, attempted to “stand in [the] shoes” of the owner and sue his employer directly for breach of contract by claiming that the employer had contractually agreed to indemnify the bankrupt owner. The Court, in affirming the lower court’s dismissal of the petition, noted that “the purpose of the subject indemnification agreement was not to provide petitioner with a vehicle to employ against [his employer], but to shift any loss from [the owner] to [the employer]” (supra, at 953). As such, the Court held that the proceeding was “essentially a direct action by petitioner against his employer” and therefore barred by the exclusivity provision of the Workers’ Compensation Law (supra, at 953).
Lee (supra) is clearly distinguishable as this is not a situation in which the plaintiff is attempting to assert a direct claim against his employer, but that in which a third party is attempting to shift the alleged loss to the actual tortfeasor. Such a contractual arrangement is explicitly permitted by the language of section 11 and therefore does not bar a claim for indemnification against an employer although the plaintiff did *550 not sustain a “grave” injury. Indeed, there is every indication that the Court in Lee (supra) would have reached a similar conclusion to the one reached here had it been asked to consider whether the owner could maintain a claim for contractual indemnification against the petitioner’s employer.
In addition to the indemnity provision, Mulvihill also agreed to purchase a “commercial general liability policy” and name the NYCTA as an additional insured. However, it has failed to provide any proof at this time that it complied with this provision of the contract. Consequently, the NYCTA may maintain its breach of contract claim based on its allegation that Mulvihill failed to procure insurance (see, Isnardi v Genovese Drug Stores, 242 AD2d 672 [2d Dept 1997]; Darowski v High Meadow Coop. No. 1, 239 AD2d 541 [2d Dept 1997]).
Lastly, the court will not consider Mulvihill’s contentions that the indemnification agreement is void as against public policy or that the NYCTA cannot establish a claim of negligence as they were improperly raised for the first time in its reply papers (see, Azzopardi v American Blower Corp., 192 AD2d 453 [1st Dept 1993]). “The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of* * * the motion” which the opposing party cannot obviously address (see, Dannasch v Bifulco, 184 AD2d 415, 417 [1st Dept 1992]).
Accordingly, it is ordered that Mulvihill’s motion to dismiss is granted to the extent that the NYCTA’s first and second causes of action seeking common-law indemnification and/or contribution are dismissed and severed. The motion, as it pertains to Mulvihill’s application to dismiss the third and fourth causes of action and sanctions, is otherwise denied.