OPINION OF THE COURT
Walter J. Relihan, Jr., J.
This is a motion by the Reliance Insurance Company, a third-party defendant, for summary judgment dismissing the complaint of the third-party plaintiffs who, in turn, move for judgment against Reliance, requiring the insurer to recognize them as additional insureds.
The plaintiff, a worker employed by Eastern Roofing, Inc. (Eastern), fell from a height in the course of his work and sued the owner (Parkway Plaza) and general contractor (Northeast United Corporation) under Labor Law §§ 200, 240 (1) and § 241. The liability of the defendant owner and general contractor under section 240 (1) has been established by a prior order of the court.
The owner and general contractor brought third-party claims against the plaintiff’s employer and its insurer, Reliance, seeking a defense and indemnification under a policy issued to Eastern by Reliance. A certificate of insurance issued by a broker, on behalf of Reliance, names the owner and the general contractor as additional insureds under the Eastern policy. There is no dispute about the authority of the broker to issue the insurance certificate on behalf of Reliance.
The certificate, in one box, states that it has been issued for information only “and confers no rights upon the certificate holder.” The text continues: “This certificate does not amend, extend or alter the coverage afforded by the policy.” A second box, on the same page, states: “This is to certify that the policies * * * listed below have been issued to the insured named above [i.e., Eastern] * * * subject to all the terms, exclusions and conditions of such policies.” A third box states: “The following are added as additional insureds in respect to this job only * * * Parkway Plaza * * * and Northeast United Corp.”
We conclude that the first box intends merely to declare that the certificate does not extend the coverages found in the policy issued to Eastern beyond the risks defined therein. Clearly, the first box does not intend to deny the statement found in the second box, that the policies described have been duly issued to Eastern, nor is it inconsistent with the statement found in the *261 third box, that the owner (Parkway Plaza) and general contractor (Northeast United) have been added to the Eastern policies as additional insureds.
A similar document was considered in Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co. (151 AD2d 207). There, the insurer had issued a certificate which named the claimant for coverage as an additional insured. That certificate, as here, stated that it was issued for information only and did not “amend, extend or otherwise alter the terms and conditions of insurance coverage contained in the policy” (at 210-211). The Appellate Division, Third Department (Levine, J.), held that “this caveat could only have been reasonably interpreted by [the coverage claimant] as referring to terms and conditions of the coverage actually provided * * * under the policy and any exclusions from such actual coverage, not a warning that an examination of the policy would negate the existence of any coverage for [the claimed additional insured], the very fact certified to by [the insurer]” (Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co., supra, at 211).
Further, in B. T. R. E. Greenbush v General Acc. Co. (206 AD2d 791, 792), the Court held that: “The only reasonable interpretation to be given the phrase ‘additional insured’ followed by the plaintiffs’ names is that [the insurer] meant to extend coverage to them under the terms of its policy” (citing Dryden Cent. School Dist. v Dryden Aquatic Racing Team, 195 AD2d 790, 793). We conclude that the certificate of insurance is sufficient to establish that the coverages contained in the policy issued to Eastern apply also to Northeast United and Parkway Plaza.
The more substantive issue is whether or not the Workers’ Compensation Reform Act of 1996 (L 1996, ch 635) precludes a third-party claim against the injured worker’s employer. Reliance points to section 11 of the Workers’ Compensation Law which bars third-party claims against employers except in cases involving grave injury, or where the third-party claimant’s right to contribution or indemnification is preserved in a written agreement entered into by the employer with the claimant prior to the accident.
We assume, for purposes of this motion, that a question of fact exists as to whether or not the general contractor and the owner are liable only vicariously under section 240 (1) of the Labor Law. Assuming, at trial, that both are shown to be'free of actual negligence, a claim by them for indemnity or contribution against a negligent employer would be permitted if the *262 employer had agreed, in a written contract, to assume such a duty (Potter v M.A. Bongiovanni, Inc., 271 AD2d 918; Acosta v Green Mgt. Corp., 267 AD2d 67; Beltran v City of New York, 178 Misc 2d 547).
We turn, then, to the question of whether a “written contract” exists, as required by section 11, which obliges the employer to indemnify the general contractor and owner for any negligence of the employer in relation to the injuries sustained by the employee plaintiff.
It is well settled that a contract may come into existence based upon conduct of the parties which manifests an intended offer and acceptance (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397). Here, Eastern was in the course of performing work for Northeast United and Parkway Plaza pursuant to written contract documents which described the work to be done and the method and amount of payment.
Northeast United had regularly hired Eastern, as a subcontractor, to perform its roofing work. In each of these prior engagements, the parties used the standard form of contractor-subcontractor agreement prepared by the American Institute of Architects (AIA). The deposition testimony of the Eastern president acknowledged that the AIA 401 (1987) form was used for each project and that the form requires the subcontractor to procure insurance coverage for the general contractor and owner. The president of Eastern also acknowledged that it was “standard practice” for his company to obtain such insurance coverage for Northeast United and the project owner and that, in the Vestal Parkway project, certificates of insurance were obtained, at the instance of Eastern, naming Northeast United and the project owner as additional insureds under its Reliance policy.
No signature, of any of the parties, was ever affixed to any of these documents. However, it is not disputed that the terms and conditions prescribed by these documents were binding upon the owner, the general contractor and the subcontractor-employer in the performance of the work. The statute requires a “written contract.” The terms and conditions are found in the AIA documents. These documents are in writing. The writing need not be signed where the offer and acceptance are manifested by conduct (Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp., 208 AD2d 73). The conduct of the parties; during the course of the project, manifested their understanding that the AIA documents governed the performance of the work. We conclude that a written contract was *263 present within the meaning of section 11 of the Workers’ Compensation Law.
Accordingly, the motion by third-party defendant Reliance is denied, without prejudice as to any indemnification issues to be resolved at trial. The cross motion by third-party plaintiffs Northeast United and Parkway Plaza is also denied without prejudice.