■ ASHKENAZY ACQUISITION CORP., Appellant, v RELA REALTY CORP. et al., Defendants, and 13-14 REALTY CORP., Respondent.

[745 NYS2d 161] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 7, 2000, which, on plaintiff's third cause of action seeking a declaratory judgment with regard to a lease, granted defendant 13-14 Realty Corp.'s motion for summary judgment dismissing that cause of action, unanimously modified, on the law, to the extent of denying the motion and vacating the finding that the contract between plaintiff and defendant Rela Realty Corp. is invalid, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered February 28, 2001, which denied plaintiff's motion denominated one to reargue and/or renew, unanimously dismissed, without costs, as taken from a nonappealable paper.

The motion court erred in holding the contract between plaintiff and defendant Rela Realty Corp. invalid on the ground, urged by defendant 13-14 Realty Corp., that it was not signed by Rela's principal, Rela Hammerman, the party to be charged (*see*, General Obligations Law § 5-703 [1]). Not being a party to the contract, defendant 13-14 Realty cannot assert the defense of the statute of frauds (*Stitt v Ward*, 142 App Div 626, 630). Even if Rela Realty had raised the statute of frauds in repudiating the contract at an earlier stage, 13-14 Realty would not be entitled to rely on Rela Realty's continuing to assert the defense (*id.*).

However, nothing in the record before us demonstrates that the lease entered into by Rela Realty and 13-14 Realty is invalid. To the contrary, the lease was entered into after Rela Realty notified plaintiff that it did not intend to ratify the unauthorized action taken by Marvin Hammerman and it was entered into by a party with authority to do so, as the motion court found. Moreover, in its Stock Purchase Agreement with Rela Realty, plaintiff treats the lease as valid. The Agreement contains the following language:

"Ben Ashkenazy was the Purchaser of the Stock and became the sole shareholder of Rela Realty Corp. Purchaser indemnified and held Seller harmless from and against any claim of the $150,000 security deposit delivered under the Agreement of Lease between the Corporation, as Landlord[,] and 13-14 Realty, LLC [Agreement at cover page]. * * *

"(k) Annexed hereto as *Exhibit 'C'* is a true and complete copy of the May, 1998 Agreement of Lease between the Corporation, as Landlord[,] and 13-14 Realty, LLC, as Tenant (the 'Lease'). There have been no amendments to the Lease or other agreements with Tenant or any affiliate of Tenant [*id.* at 3]. * * *

"(l) Neither Seller nor the Corporation have granted any right of first refusal to purchase the Shares or the Property (except pursuant to the Lease) [*id.*]. * * *

"14. *Notice to Tenant*—Upon the Closing under this Agreement, Seller and Purchaser shall jointly deliver written notice to the Tenant under the Lease advising the Tenant of the new address for payment of all sums due under the Lease as requested by Purchaser [*id.* at 5]."

Plaintiff also treats the lease as valid in its brief on appeal. In challenging the court's holding that 13-14 Realty's lease trumps plaintiff's contract with Rela Realty, plaintiff argues that "13-14 Realty simply has a ten year leasehold interest in the Premises, which is executory as to the remaining term thereof, and an option, not exercisable until January 10, 2008, to purchase the premises. 13-14 Realty may not even exercise the option seven years from now."

Accordingly, that portion of the order appealed from which declared 13-14 Realty's lease valid as against plaintiff should be affirmed (*see, Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881). Concur—Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.