Appeals from (1) an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated February 4, 2015, and (2) an order of that court dated April 24, 2015. The order dated February 4, 2015, granted that branch of the motion of the defendant Douglas Elliman Real Estate, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it and searched the record and awarded summary judgment dismissing the amended complaint insofar as asserted against the defendants Nahid Rachlin, Howard Rachlin, Maura Nicolosi, and Babak Nassirian. The order dated April 24, 2015, after a hearing, granted that branch of the motion of the defendant Douglas Elliman Real Estate, Inc., which was pursuant to 22 NYCRR 130-1.1 (a) for an award of attorneys’ fees against the plaintiffs.
 

 Ordered that the orders are affirmed, with one bill of costs to the defendants Nahid Rachlin and Howard Rachlin and the defendant Douglas Elliman Real Estate, Inc., appearing separately and filing separate briefs; and it is further,
 

 Ordered that on the Court’s own motion, the parties to these appeals and/or their counsel are directed to show cause why an order should or should not be made and entered imposing additional sanctions and/or costs, if any, including appellate counsel fees, against the plaintiffs and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the defendants Nahid Rachlin and Howard Rachlin and the defendant Douglas Elliman Real Estate, Inc., in connection with these appeals, in the office of the Clerk of this Court and serving one copy of the same on each other on or before November 20, 2017; and it is further,
 

 Ordered that the Clerk of this Court, or her designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.
 

 In late 2013, the defendants Nahid Rachlin and Howard Rachlin (hereinafter together the Rachlin defendants) retained the defendant Douglas Elliman Real Estate, Inc. (hereinafter Douglas Elliman), to market and sell their real property located at 66 Library Avenue in Westhampton Beach. In March 2014, the plaintiffs’ real estate agent submitted an initial offer on the property to Douglas Elliman, which led to further correspondence. According to the plaintiffs, they entered into an oral contract to purchase the property based upon their verbal acceptance of the Rachlin defendants’ alleged written counteroffer set forth in an email from Douglas Elliman dated March 20, 2014. On March 21, 2014, the plaintiffs’ real estate agent sent an email to Douglas Elliman containing certain terms of sale, a purchase price of $670,000, and a memorandum of sale. On March 24, 2014, the plaintiffs delivered a down payment check and a memorandum of sale executed by themselves to the Rachlin defendants’ counsel.
 

 After receiving a letter from the Rachlin defendants’ counsel informing them that there was no contract of sale for the property and returning their down payment check, the plaintiffs commenced this action against the Rachlin defendants and Douglas Elliman seeking, inter alia, the specific performance of the alleged contract of sale and asserting, among others, causes of action to recover damages for tortious interference with contract and breach of the covenant of good faith and fair dealing. In August 2014, the Supreme Court granted the motion of Maura Nicolosi and Babak Nassirian (hereinafter together the Nicolosi defendants), who had entered into a written contract of sale to purchase the property, to intervene as defendants in the action.
 

 In an order dated February 4, 2015, the Supreme Court granted that branch of Douglas Elliman’s motion which was for summary judgment dismissing the amended complaint insofar as asserted against it and, upon searching the record, awarded summary judgment dismissing the amended complaint insofar as asserted against the Rachlin defendants and the Nicolosi defendants. In an order dated April 24, 2015, the Supreme Court, after a hearing, granted that branch of Douglas Elliman’s motion which was pursuant to 22 NYCRR 130-1.1 (a) for an award of attorneys’ fees against the plaintiffs. The plaintiffs appeal from both orders.
 

 The Supreme Court granted summary judgment dismissing the causes of action asserted against Douglas Elliman alleging tortious interference with contract and breach of the covenant of good faith and fair dealing on the grounds that: (1) there was no oral contract between the Rachlin defendants and the plaintiffs for the purchase of the property, and (2) there was no writing subscribed to by the Rachlin defendants satisfying the statute of frauds (see General Obligations Law § 5-703 [2]). Although the statute of frauds is a personal defense, which could not be raised by Douglas Elliman, a stranger to the alleged agreement (see Ashkenazy Acquisition Corp. v Rela Realty Corp., 296 AD2d 332, 332 [2002]; Matter of Lee v Maltais, 250 AD2d 951, 953 [1998]), Douglas Elliman established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging tortious interference with contract and breach of the covenant of good faith and fair dealing on the ground that there was no meeting of the minds to form a binding oral contract between the Rachlin defendants and the plaintiffs (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]; 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp., 50 AD3d 1021, 1021-1022 [2008]; Mainline Elec. Corp. v Pav-Lak Indus., Inc., 40 AD3d 939, 939 [2007]; Miranco Contr., Inc. v Perel, 29 AD3d 873, 873 [2006]). The email which the plaintiffs alleged contained a written and binding counteroffer indicated only that the plaintiffs’ offer of $660,000 was being rejected and that the Rachlin defendants “have counter at $670,000 and will not accept a lower offer from anyone.” This email did not express a binding and unequivocal offer to sell the property to the plaintiffs. Moreover, the email did not include the essential terms usually found in a real estate sales contract, such as the closing date, time and terms of payment, and the quality of title to be conveyed (see Sabetfard v Djavaheri Realty Corp., 18 AD3d 640, 641 [2005]; O’Brien v West, 199 AD2d 369, 370 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 Additionally, Douglas Elliman established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging violations of General Business Law § 349 by demonstrating that its alleged improper conduct was based upon the plaintiffs’ private contract dispute with the Rachlin defendants and did not involve consumer-oriented deceptive practices (see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 334 [1999]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [1995]; Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Biancone v Bossi, 24 AD3d 582, 583 [2005]).
 

 Douglas Elliman also established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for fraudulent misrepresentation insofar as asserted against it. A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Stein v Doukas, 98 AD3d 1024, 1025 [2012]). Furthermore, a cause of action alleging fraud must be pleaded with specificity (see CPLR 3016 [b]; IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707 [2013]). The plaintiffs neither alleged nor provided any evidence of any specific misrepresentations by Douglas El-liman on which they reasonably relied. Accordingly, the Supreme Court properly granted that branch of Douglas El-liman’s motion which was for summary judgment dismissing the cause of action alleging fraudulent misrepresentation.
 

 Contrary to the plaintiffs’ contention, the Supreme Court properly exercised its authority to search the record and award summary judgment to the nonmoving parties, the Rachlin defendants and the Nicolosi defendants, dismissing the amended complaint insofar as asserted against them (see CPLR 3212 [b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]).
 

 Furthermore, the Supreme Court providently exercised its discretion in granting that branch of Douglas Elliman’s motion which was pursuant to 22 NYCRR 130-1.1 (a) for an award of attorneys’ fees (see 22 NYCRR 130-1.1 [a]). In this regard, the court properly determined that the plaintiffs engaged in frivolous conduct in commencing this action, as it was completely without merit in law, and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1 [c]; Strunk v New York State Bd. of Elections, 126 AD3d 779, 781 [2015]; Weissman v Weissman, 116 AD3d 848, 849 [2014]).
 

 The plaintiffs’ remaining contentions are either improperly raised for the first time on appeal or without merit.
 

 Additionally, since the plaintiffs are advancing the same arguments on appeal as they did in the Supreme Court, these appeals may be frivolous within the meaning of 22 NYCRR 130-1.1 (see Curet v DeKalb Realty, LLC, 127 AD3d 914, 916 [2015]; Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 963 [2010]; Caplan v Tofel, 65 AD3d 1180, 1181-1182 [2009]). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, additional costs or sanctions in connection with these appeals should or should not be imposed on the plaintiffs and/or their counsel.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.