Citimortgage, Inc. v Etienne (2019 NY Slip Op 03564)





Citimortgage, Inc. v Etienne


2019 NY Slip Op 03564


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-10177
 (Index No. 6778/14)

[*1]Citimortgage, Inc., respondent, 
v
Radamens Etienne, et al., defendants, OKL Property Corp., appellant.


Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for appellant.
Akerman, LLP, New York, NY (Jordan M. Smith and Joseph DeFazio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant OKL Property Corp. appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 24, 2016. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Radamens Etienne and OKL Property Corp., and for an order of reference, and denied the cross motion of the defendant OKL Property Corp., in effect, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from so much of the order as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Radamens Etienne, and for an order of reference, is dismissed, as the defendant OKL Property Corp. is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2009, the defendant Radamens Etienne (hereinafter the borrower) executed a promissory note in the sum of $687,321 in favor of Golden First Mortgage Corporation, which was secured by a mortgage encumbering certain real property located in Kings County. The borrower defaulted on his payment obligations by failing to pay the monthly installment of principal and interest that was due on July 1, 2010, or any monthly installment thereafter. In November 2012, the borrower transferred title to the subject property to the defendant OKL Property Corp. (hereinafter OKL).
The plaintiff subsequently commenced this action against the borrower and OKL, among others, to foreclose the mortgage. The borrower submitted an answer denying the material allegations of the complaint and asserting a number of affirmative defenses, including lack of [*2]standing and failure to comply with RPAPL 1304. OKL submitted an answer in which it admitted that it was the "record owner" of the subject property. OKL asserted in its second affirmative defense that the plaintiff lacked standing to commence the action.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the borrower and OKL, and for an order of reference. OKL opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against it on the grounds that the plaintiff lacked standing and failed to comply with the notice requirements of RPAPL 1304. The borrower did not oppose the plaintiff's motion. In an order dated May 24, 2016, the Supreme Court, among other things, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrower and OKL, and for an order of reference, and denied OKL's cross motion. OKL appeals.
"Relief on an appeal may not, as a general rule, be granted to a nonappealing party" (Stimmel v Stimmel, 163 AD2d 381, 383; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 n 3; Hecht v City of New York, 60 NY2d 57, 61-62; Burro v Kang, 167 AD3d 694; Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850). The corollary to this rule is that "an appellate court's scope of review with respect to an appellant, once an appeal has been timely taken, is generally limited to those parts of the judgment [or order] that have been appealed and that aggrieve the appealing party" (Hecht v City of New York, 60 NY2d at 61). Generally, as relevant here, "a person is aggrieved when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d at 156-157 [emphasis omitted]). Accordingly, the appeal from so much of the order as granted the plaintiff relief against the borrower must be dismissed, as OKL is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 156-157).
Turning to the merits, OKL contends that the Supreme Court should not have awarded the plaintiff summary judgment because the plaintiff failed to establish, prima facie, that it gave proper notice to the borrower in strict accordance with RPAPL 1304. However, the borrower is the only mortgagor and the only person named on the note. Although OKL, as the current owner of the subject property, is a proper party to this foreclosure action, as it may be "subject to the mortgage lien and may have [its] rights in the property cut off due to a default on the mortgage" (PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111; see generally 2 Bergman on New York Mortgage Foreclosures § 12.04), it does not necessarily follow that OKL may properly assert, either in its own right or on behalf of the borrower, any defense that was or could have been asserted by the borrower. Rather, as relevant here, the notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers who are "natural person[s]" (RPAPL 1304[6][a][1][i]; see generally Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 107). The statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 is a "personal defense" which could not be raised by OKL, a stranger to the note and underlying mortgage (Greene v Rachlin, 154 AD3d 814, 816; see Ekelmann Group, LLC v Stuart, 108 AD3d 1098, 1100; see also NYCTL 1996-1 Trust v King, 13 AD3d 429, 430; Home Sav. of Am. v Gkanios, 233 AD2d 422, 423; accord Ashkenazy Acquisition Corp. v Rela Realty Corp., 296 AD2d 332, 333; Matter of Lee v Maltais, 250 AD2d 951, 953; Vincent v Seaman, 152 AD2d 841, 843). Accordingly, contrary to OKL's contention, it lacked standing to raise the issue of compliance with RPAPL 1304 as a defense and the merits of that issue are not properly before this Court.
OKL next contends that the plaintiff lacked standing to maintain this action and that the Supreme Court therefore erred in awarding the plaintiff summary judgment insofar as asserted against it. We note that "where, as here, standing is not an essential element of the cause of action, under CPLR 3018(b) a defendant must affirmatively plead lack of standing as an affirmative defense in the answer in order to properly raise the issue in its responsive pleading" (US Bank N.A. v Nelson, 169 AD3d 110, 114; see BAC Home Loans Servicing, LP v Alvarado, 168 AD3d 1029). Here, OKL asserted standing as an affirmative defense in its answer. Accordingly, the issue of standing was properly before the court (cf. US Bank N.A. v Nelson, 169 AD3d at 114).
Where the issue of standing is raised by a defendant in a mortgage foreclosure action, [*3]a plaintiff must prove its standing in order to be entitled to relief against that defendant (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 983-984; HSBC Bank USA, N.A. v Calderon, 115 AD3d 708, 709; Bank of N.Y. v Silverberg, 86 AD3d 274, 279). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644-645).
Here, contrary to OKL's contention, the plaintiff established, prima facie, that it had standing to commence this action. The plaintiff submitted proof in support of its motion for summary judgment demonstrating that the note was in its possession when it commenced this action (see CPLR 4518[a]; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 359-362; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074; Citimortgage, Inc. v Espinal, 134 AD3d 876, 877-878; see also U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223). In opposition, OKL failed to raise a triable issue of fact regarding the plaintiff's standing.
Inasmuch as OKL does not dispute that its interest in the subject property is subordinate to the plaintiff's mortgage (cf. Lucas v J & W Realty & Constr. Mgt., Inc., 97 AD3d 642), or otherwise assert a valid defense that would preclude summary judgment on the complaint insofar as asserted against it, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against OKL (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
Moreover, OKL failed to demonstrate its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it (see U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880; DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818). Accordingly, we agree with the Supreme Court's determination to deny OKL's cross motion, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court