Bank of N.Y. Mellon Trust Co., NA v Obadia (2019 NY Slip Op 07561)





Bank of N.Y. Mellon Trust Co., NA v Obadia


2019 NY Slip Op 07561


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-12710
 (Index No. 489/14)

[*1]Bank of New York Mellon Trust Company, NA, etc., respondent, 
v
Sarine Obadia, et al., defendants, Ocean Villas II, LLC, appellant.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Madeline Greenblatt, and Shane Wax of counsel), for appellant.
Hogan Lovells LLP, New York, NY (Lisa J. Fried, Christian Fletcher, Leah N. Jacob, and Robin Muir of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ocean Villas II, LLC, appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 19, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendants Sarine Obadia and Ocean Villas II, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Ocean Villas II, LLC, for lack of standing, for failure to comply with RPAPL 1304, and for failure to comply with a condition precedent in the mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 29, 2004, Sarine Obadia (hereinafter Sarine) executed a note in the sum of $580,000 in favor of First Financial Equities, Inc. (hereinafter First Financial). The note was secured by a mortgage executed by Sarine and her husband, Ismah Obadia (hereinafter Ismah), on property located in Brooklyn (hereinafter the premises). Sarine and Ismah later transferred title to the premises to Ocean Villas II, LLC (hereinafter Ocean Villas).
On January 13, 2014, the plaintiff commenced this action against Sarine and Ocean Villas (hereinafter together the defendants), among others, to foreclose the mortgage. The complaint alleged, among other things, that Sarine and Ismah were the owners of the property "[a]t the time the note and mortgage were executed" and that title to the property had been transferred by them to Ocean Villas in 2007. The complaint alleged that Sarine did not comply with the terms of the note and mortgage inasmuch as she failed to make a payment that was due on May 1, 2009, and subsequent payments.
The defendants interposed an answer wherein they denied "all of the allegations in the Complaint" (cf. CPLR 3018[a]). The defendants also asserted 17 affirmative defenses and at least 1 counterclaim. As relevant here, the second affirmative defense alleged that the plaintiff failed to serve a notice of default in accordance with the terms of the note and mortgage. The eighth affirmative defense alleged that the plaintiff lacked standing to maintain this action. The fifteenth [*2]affirmative defense alleged that the plaintiff failed to comply with, inter alia, the notice provisions of RPAPL 1304.
The defendants subsequently moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them (1) for lack of standing, (2) for failure to comply with RPAPL 1304, and (3) for failure to comply with a condition precedent in the mortgage. The plaintiff cross-moved, inter alia, for summary judgment on the complaint, to dismiss the defendants' answer and counterclaim, and for an order of reference.
In an order dated September 19, 2016, the Supreme Court denied the defendants' motion and the plaintiff's cross motion. The defendants appeal from that order. On appeal, the defendants contend that the Supreme Court erred in denying their motion.
In a decision and order on motion of this Court dated September 19, 2019, we dismissed the appeal insofar as taken by Sarine as academic in light of a settlement between the plaintiff and Sarine.
Where the issue of standing is properly raised by a defendant in a mortgage foreclosure action, the plaintiff must prove its standing in order to be entitled to relief against that defendant (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 983-984; HSBC Bank USA, N.A. v Calderon, 115 AD3d 708, 709; Bank of N.Y. v Silverberg, 86 AD3d 274, 279). A plaintiff has standing in a mortgage foreclosure action when it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
Where, as here, a defendant moves to dismiss the complaint pursuant to CPLR 3211(a)(3) for lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 923, 925-926). To defeat a defendant's prima facie motion, "the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 61; see U.S. Bank N.A. v Guy, 125 AD3d 845, 847).
Ocean Villas's contention that the plaintiff's failure "to affirmatively allege possession of the original note at the time of the commencement of the action" should not lead to dismissal of the complaint for lack of standing is without merit (see U.S. Bank N.A. v Nelson, 169 AD3d 110). The characterization of the plaintiff's complaint is patently false. The complaint in this case alleged, among other things, that "[the] [p]laintiff is . . . the owner and holder of the subject note and mortgage." Contrary to Ocean Villas's contention, the fact that the complaint also alleged an alternative ground for standing did not somehow invalidate the original ground asserted in the complaint (see CPLR 3014), and Ocean Villas has failed to cite to any legal authority that would support its novel position on this issue (cf. 22 NYCRR 1250.1[h]). We take this opportunity to remind counsel for Ocean Villas that "[t]he function of an appellate brief is to assist, not mislead, the court" (Matter of Cicio v City of New York, 98 AD2d 38, 40).
Although it is not accurately reflected in the copy of the complaint that was submitted by the defendants in support of their motion, the record otherwise reveals that a copy of the note was actually annexed to the plaintiff's complaint. Ocean Villas contends that the note itself "conclusively showed that [the plaintiff] did not have standing to commence the action irrespective of its physical possession of the original note." In this regard, Ocean Villas contends, in effect, that the note bears a special indorsement to a nonparty and that the note is only enforceable by that specific nonparty. This contention is without merit.
The note at issue in this case is a negotiable instrument within the meaning of the UCC (see UCC 3-104[2][d]; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674). [*3]With limited exception, "[t]he holder of an instrument . . . may transfer or negotiate it and . . . discharge it or enforce payment in his [or her] own name" (UCC 3-301).
The term "holder" is defined in the UCC to include "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]). "Negotiation is the transfer of an instrument in such form that the transferee becomes a holder" (UCC 3-202[1]). "The mechanism of negotiation depends upon the form in which the instrument was originally made or drawn, or in which it has been subsequently
indorsed" (Bank of N.Y. Mellon v Deane, 41 Misc 3d 494, 499; see UCC 3-204).
"A special indorsement specifies the person to whom or to whose order it makes the instrument payable" (UCC 3-204[1]). "Any instrument specially indorsed becomes payable to the order of the special indorsee and may be further negotiated only by his [or her] indorsement" (id.). "If the instrument is payable to order it is negotiated by delivery with any necessary indorsement" (UCC 3-202[1]).
By contrast, "[a]n indorsement in blank specifies no particular indorsee and may consist of a mere signature" (UCC 3-204[2]). "An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed" (id.). If an instrument is "payable to bearer it is negotiated by delivery" (UCC 3-202[1]).
Here, although the copy of the note that was attached to the complaint bears a special indorsement from the original lender to a specific nonparty entity, Ocean Villas failed to demonstrate that the specially indorsed note was ever actually delivered to that nonparty entity (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 60-61). Ocean Villas's representation on appeal that "the note was endorsed and delivered to an entity other than [the plaintiff]" is not supported by a citation to the record and is, in any event, unsupported by any of its evidentiary submissions. Accordingly, Ocean Villas failed to establish, prima facie, that the note was properly negotiated such that the nonparty entity to which it was specially indorsed became a holder of the note entitled to the exclusive enforcement thereof (see UCC 3-202[1]). As the Court of Appeals has recognized, "[a]n indorsement is incomplete, and, indeed, may be disregarded and ignored until the instrument is delivered" (Hall v Bank of Blasdell, 306 NY 336, 342 [citations omitted]). Unless and until a valid negotiation has occurred, a note specially indorsed to a specific party remains "fully negotiable" and may be treated, at the option of the original holder, as a bearer instrument (id. at 342; accord UCC 3-202[1]).
Given the defendants' failure to establish, as a matter of law, that the plaintiff was not a holder of the note as alleged in the complaint, it is unnecessary to consider Ocean Villas's numerous arguments pertaining to the alternative ground for standing that was asserted in the complaint. Inasmuch as the defendants failed to sustain their initial burden of demonstrating, as a matter of law, that the plaintiff lacked standing to prosecute this action, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against the defendant Ocean Villas for lack of standing (see Brunner v Estate of Lax, 137 AD3d 553, 553-554; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 60-61).
Ocean Villas's contention that it was entitled to dismissal of the complaint insofar as asserted against it because the plaintiff failed to comply with RPAPL 1304 and with a condition precedent in the mortgage is also without merit. Although Ocean Villas, as the alleged current owner of the subject property, is still a proper party to this foreclosure action, as it may be "subject to the mortgage lien and may have [its] rights in the property cut off due to a default on the mortgage" (PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111; see generally 2 Bergman on New York Mortgage Foreclosures § 12.04), it does not necessarily follow that Ocean Villas may properly assert, either in its own right or on behalf of Sarine, any defense that was or could have been asserted by Sarine. Rather, as relevant here, the notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers who are "natural person[s]" (RPAPL 1304[6][a][1][i]; see generally Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 107). The statutory defense created by RPAPL 1302(2) [*4]for noncompliance with RPAPL 1304 is a "personal defense" which could not be raised by Ocean Villas, a stranger to the note and underlying mortgage (Greene v Rachlin, 154 AD3d 814, 816; see Citimortgage, Inc. v Etienne, 172 AD3d 808, 810; Ekelmann Group, LLC v Stuart, 108 AD3d 1098, 1100; see also NYCTL 1996-1 Trust v King, 13 AD3d 429, 430; Home Sav. of Am. v Gkanios, 233 AD2d 422, 423). Similarly, Ocean Villas, which is not a party to either the note or mortgage, lacks standing to raise as a defense to this action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the note and mortgage (see Greene v Rachlin, 154 AD3d at 816; Ashkenazy Acquisition Corp. v Rela Realty Corp., 296 AD2d 332, 333; Matter of Lee v Maltais, 250 AD2d 951, 953; County of Tioga v Solid Waste Indus., 178 AD2d 873, 874-875; Vincent v Seaman, 152 AD2d 841, 843). Inasmuch as the second and fifteenth affirmative defenses could only be properly asserted by Sarine, we agree with the Supreme Court's denial of those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against Ocean Villas for failure to comply with RPAPL 1304, and for failure to comply with a condition precedent in the mortgage.
SCHEINKMAN, P.J., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court