Davis v Siben & Siben, LLC (2022 NY Slip Op 06906)

Davis v Siben & Siben, LLC

2022 NY Slip Op 06906

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-08521
 (Index No. 140/18)

[*1]Stanley Davis, etc., appellant,
v
Siben & Siben, LLC, respondent.

Stanley Davis, Shirley, NY, appellant pro se.
Kritzer Law Group, Smithtown, NY (Karl Zamurs of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice and fraudulent misrepresentation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 6, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's application for leave to amend the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application for leave to amend the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The defendant, Siben & Siben, LLC, represented the plaintiff in an underlying action entitled Davis v Commack Hotel, LLC, which sought to recover damages for, inter alia, negligence, wrongful death, and conscious pain and suffering as it related to the death of the plaintiff's son. On or about October 1, 2014, the defendant moved to be relieved as counsel in that action, which motion was granted under the following conditions: that the defendant serve the plaintiff with a notice of entry within 20 days, and that the defendant file proof that such service had been effected. The defendant served the plaintiff with the notice of entry on November 10, 2014.
On or about January 11, 2018, the plaintiff, pro se, commenced this action alleging legal malpractice and fraudulent misrepresentation against the defendant. The defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals, and we affirm.
"The statute of limitations for a cause of action to recover damages for legal malpractice is three years, which accrues at the time the malpractice is committed" (Tulino v Hiller, P.C., 202 AD3d 1132, 1135 [internal citations omitted]). "However, pursuant to the doctrine of continuous representation, the time within which to sue on the claim is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates" (Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 144 AD3d 956, 957). "For the doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the [*2]client and the attorney. One of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties" (Beroza v Sallah Law Firm, P.C., 126 AD3d 742, 743 [internal citations and quotation marks omitted]). Here, the defendant was relieved as counsel no later than November 10, 2014, when it fulfilled the obligations set out by the Supreme Court. Insofar as this action was commenced more than three years later, on January 11, 2018, the legal malpractice claims were untimely.
"A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (Greene v Rachlin, 154 AD3d 814, 817). "Where a cause of action is based on a misrepresentation or fraud, 'the circumstances constituting the wrong shall be stated in detail'" (High Tides, LLC v DeMichele, 88 AD3d 954, 957, quoting CPLR 3016[b]). "The purpose of this pleading requirement 'is to inform a defendant of the complained-of incidents" (High Tides, LLC v DeMichele, 88 AD3d at 957, quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "Vague expressions of hope and future expectation provide an insufficient basis upon which to predicate a claim of fraud" (International Oil Field Supply Servs. Corp. v Fadeyi, 35 AD3d 372, 375). Here, the plaintiff's claims were not supported by sufficient allegations as to what material misrepresentations were made, the defendant's knowledge of their falsity, or how the plaintiff justifiably relied upon them (see Green v Rachlin, 154 AD3d at 817). Further, under the circumstances present here, relief pursuant to CPLR 3025(b), "which requires the movant to include any proposed amendment or supplemental pleading with the motion," was properly denied on the ground that the plaintiff failed to include any proposed amended pleadings (G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327).
The plaintiff's remaining contention is not properly before this Court.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court